# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:26-CV-162

JESSICA M. GEORG,

        Plaintiff,

    v.

COSTCO WHOLESALE
CORPORATION,

        Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

Although Plaintiff Jessica Georg has added another eight pages in response to Costco's motion to dismiss, to her now 46-page, 169-paragraph First Amended Complaint, she cannot conceal through quantity the continuing deficiencies in several of her claims. Indeed, her Title VII and FMLA retaliation claims are not only subject to dismissal for many of the same reasons outlined in Costco's prior motion, but she has added an entirely new count for disparate treatment under Title VII that serves only to highlight an additional set of pleading failings.

At bottom, Georg has failed to plead any plausible Title VII disparate treatment or FMLA retaliation claim. And she has failed to plead plausible Title VII

retaliation claims on at least six of the independent grounds cited by her. For those reasons, which will be discussed in greater detail below, those claims should be dismissed for failure to state a claim.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of the what the claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). However, to plead a plausible claim, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* That is, it is not enough for a plaintiff to plead facts merely

consistent with liability; instead, the allegations must have "enough heft 'to sho[w] that the pleader is entitled to relief.'" *Id.* at 557.

## III.    DISCUSSION

### A.    Georg Did Not Plead a Plausible Title VII Disparate Treatment Claim.

In Count III of her Amended Complaint, Georg asserts new claims for alleged sex-based disparate treatment under Title VII. Much of that Count appears to be little more than a repackaging of her sexual harassment claim that simply has no relevance to a disparate treatment claim—specifically, her erroneous contention that her complaint was not taken seriously and that appropriate remedial action was not taken.[1] Georg does identify the following as alleged acts of disparate treatment as a basis for her claim: (1) being "disciplined for absences and tardies connected to her PTSD and FMLA-qualifying medical condition"; and (2) being "treated less favorably than the male maintenance assistant who is allowed to perform skilled work without scrutiny." (Dkt. 12 ¶¶ 148-49.) She has not, however, pled facts sufficient to plausibly suggest that she has a viable disparate treatment claim on either ground.

---

[1] Costco acknowledges the analytical standard that governs a motion to dismiss, and it will therefore address the inaccuracy of Georg's allegations on this point—and in her harassment claim and First Amended Complaint more generally—at the summary judgment stage.

As an initial matter, Georg did not exhaust these claims. Before asserting a claim concerning a particular alleged adverse action in court, a plaintiff must first present the matter to the EEOC "within 180 days of [the] allegedly unlawful employment practice." *Pearsall v. Child Advocacy Comm'n of the Lower Cape Fear, Inc.*, No. 7:98CV200-BR, 2000 WL 33682693, at *2 (E.D.N.C. Feb. 15, 2000). Here, however, neither of the alleged adverse actions—or, for that matter, any disparate treatment claim—were included in Georg's EEOC Charge. (Georg's EEOC Charge, attached as Exhibit A.) Nor has she otherwise pled specific, nonconclusory facts permitting a plausible inference that she timely exhausted such matters with the EEOC. While Georg does assert in passing that she raised unidentified "concerns of disparate treatment based on sex" with the EEOC (Dkt. 12 ¶ 115), she does not specifically allege that she raised the specific matters now asserted or that she timely did so. And thus the First Amended Complaint does not include facts permitting a plausible inference that such matters were timely exhausted with the EEOC.

Even setting aside her failure to properly exhaust her disparate treatment claims with the EEOC, a prima facie showing of disparate treatment would still require Georg to show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of*

4

*App.*, 626 F.3d 187, 190 (4th Cir. 2010)). She has not pled nonconclusory facts sufficient to suggest a plausible claim as to either the third or fourth elements.

With respect to her claim concerning alleged discipline for absences and tardies, Georg simply has not pled nonconclusory facts plausibly indicating that she was treated less favorably than any individual who was actually "similarly situated" to her. She has not identified any individual who supposedly has "absences and tardies connected to PTSD and FMLA-qualifying medical condition," yet was treated less favorably than her (Dkt. 12 ¶ 148.) In apparent acknowledgment of that reality, she instead attempts to compare herself to Wiggins—her alleged harasser – who, unlike her, was ultimately terminated. (*Id.* ¶¶26, 148.) "But[] courts cannot compare apples to oranges." *Bagwell v. Downtown P'ship of Balt., Inc.*, No. ELH-18-1786, 2020 WL 247293, at *8 (D. Md. Jan. 15, 2020). Instead, to be a proper comparator, the individuals must have "dealt with the same supervisor, [been] subjected to the same standards and . . . [have] engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019); *accord Odom v. CVS Caremark Corp.*, No. 3:14-0456-MGL, 2016 WL 4536341, at *3 (D.S.C. Aug. 31, 2016) ("[T]he quantity and quality of the comparator's misconduct needs to be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with

oranges."). And here, Georg has not pled facts concerning any individual with similar attendance issues to her who was not similarly disciplined.

With respect to her claim concerning not performing skilled work—and alleged "scrutiny" generally—her failures are two-fold. First, she has not pled facts plausibly suggesting she experienced any adverse employment action as a matter of law. *See, e.g.*, *Hairston v. Barnes*, No. 1:15cv1100, 2019 WL 13549655, at *11 (M.D.N.C. Mar. 15, 2019) ("[C]ourts have consistently held that 'close scrutiny, monitoring, or tracking of an employee's whereabouts—without more—simply does not rise to the level of a materially adverse retaliatory action.'"); *Magassouba v. Prince George's Cty.*, 773 F. Supp. 3d 196, 217–18 (D. Md. 2025) (holding that "micromanaging" is not an adverse action); *cf. Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) ("The mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action."). Nor has she pled facts sufficient to show a plausible comparator. Although she alleges that Zan Rittenbery was "permitted to focus on skilled work" (Dkt. 12 ¶ 117), she has not pled facts indicating that he was "similarly situated in all relevant respects." *Cox v. U.S. Postal Serv. Fed. Credit Union*, No. GJH-14-3702, 2015 WL 3795926, at *3 (D. Md. June 17, 2015).

Thus, Georg has not pled any plausible disparate treatment claim, and Count III must be dismissed.

**B. Georg Failed to Plead a Plausible Title VII Retaliation Claim Regarding Newly Raised Alleged Adverse Actions**

Despite having amended her pleading, Georg's Title VII retaliation claims remain deficiently pled for many of the same reasons outlined in Costco's prior motion to dismiss. In addition to first exhausting her claims with the EEOC, to state a claim for retaliation under Title VII, a plaintiff must plead facts sufficient to plausibly "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Coleman v. Schneider Elec. USA, Inc.*, 755 F. App'x 247, 250 (4th Cir. 2019). Here, all but four of Georg's retaliation claims—concerning a supposed reduction of cashiering opportunities, receipt of write-ups, suspension, and unexecuted threat of termination—fail to meet these standards at the pleading stage.

*First*, Georg again improperly uses a placeholder allegation, asserting that she intends to cite new retaliation claims "in other ways which are ongoing." This allegation is problematic in at least two respects. It includes no factual allegations at all, and thus it falls well short of satisfying *Twombly*'s plausibility standard. *See, e.g.*, *Patzy v. Hochberg*, 266 F. Supp. 3d 221, 225 (D.D.C. 2017) (observing that "a court's role" on a motion to dismiss "is not to speculate about [what is] likely to be proved after discovery"). And it similarly includes no allegation that would permit

7

the Court to conclude that any such "other way[]" was first exhausted with the EEOC. (Dkt. 12 ¶ 141(k).)

*Second*, with respect to at least six categories of alleged actions that were identified—receiving a "negative" performance evaluation; being "discourag[ed] from making written comments on a review; supposedly having her interactions "monitor[ed] and document[ed]"; receiving "disciplinary write-ups"; having, as a Maintenance Assistant, her work duties "restricted" to "janitorial tasks"; and subjecting her to "check-in requirements not applied to other employees" (Dkt. 12 ¶141(d)–(j))—Georg simply has not pled facts indicating that such matters actually qualify as adverse actions as a matter of law. *See, e.g.*, *Martin v. Sunlight Fin., LLC*, No. 3:20-cv-725-MOC-WCM, 2021 WL 3009018, at *2 (W.D.N.C. July 14, 2021) ("It is well settled that a 'negative performance review . . . will not constitute materially adverse action.'"); *Blount v. Ajinomoto Health & Nutrition*, No. 5:20-CV-00356-FL, 2020 WL 6439167, at *3 (E.D.N.C. Aug. 14, 2020) (holding that a "write-up itself. . . can[not] form the basis of a retaliation claim because [it is] not [a] materially adverse employment action[]"); *Hairston*, 2019 WL 13549655, at *11 ("[C]ourts have consistently held that 'close scrutiny, monitoring, or tracking of an employee's whereabouts—without more—simply does not rise to the level of a materially adverse retaliatory action.'"); *Wandji v. Wilkie*, No. 2:18-cv-03036-RMG-MGB, 2020 WL 7647552, at *16 (D.S.C. Nov. 9, 2020) (holding that being

8

required to perform duties that were "part of his role" was not an adverse action). Thus, Georg has not sufficiently pled a basis for a claim with respect to any of those four categories of alleged issues.

Thus, Georg's Title VII claims related to the six foregoing categories, as well as her placeholder allegations, must be dismissed.[2]

### C.     Georg Failed to Plead a Plausible FMLA Retaliation Claim.

Georg's FMLA retaliation claim fails because she wholly failed to plead facts that permit a plausible inference of causation. *See, e.g. Wright v. Southwest Airlines*, 319 F. App'x 232, 233 (4th Cir. 2009) (noting causation between a protected activity and an adverse action as a requirement of an FMLA retaliation claim). She places two categories of alleged actions at issue: (1) an October 1, 2025 suspension, and (2) unidentified "continuing . . . discipline for her FMLA-qualifying absences and tardiness." (Dkt. 12 ¶ 165.)

Here, Georg claims that she requested FMLA leave on September 25, 2025. (Dkt. 12 ¶ 162.) But she does not allege who made the decision to suspend her or to issue any post-September 25 discipline, or whether and when that individual had knowledge of the alleged September 25 request. *See, e.g., Tankesley v. Vidal*,

---

[2] While Costco is limited to the allegations in the First Amended Complaint, it notes that discovery may undermine the allegations made concerning timeliness, and further arguments on the issue for this and other claims may be warranted at the summary judgment stage.

No. 1:21-cv-1448, 2023 WL 4273763, at \*22 (E.D. Va. June 29, 2023) (holding that a plaintiff must "demonstrate that the decisionmaker imposing the adverse action have *actual knowledge* of the protected activity"). Without such essential allegations, she has not pled a plausible claim.

And with respect to the placeholder for alleged "continuing" discipline, Georg—as with her Title VII retaliation claims—has failed to plead facts permitting a plausible inference that such matters amount to adverse actions. *Blount*, 2020 WL 6439167, at \*3 (holding that a write-up, without more, was not an adverse action). Thus, any retaliation claim pertaining to those matters separately fails on that ground.

## IV.    CONCLUSION

For the foregoing reasons, Costco requests that (1) Georg's Title VII disparate treatment and FMLA retaliation claims be dismissed in full; and (2) Georg's Title VII retaliation claim be dismissed with respect to the specific bases for those claims outlined above. Because Georg has already had one opportunity to amend her pleading, Costco further requests that the dismissal be without prejudice and without leave to further amend.

Date:  May 26, 2026

Respectfully submitted,

ELLIS & WINTERS LLP
BY: */s/Pamela S. Duffy*
Pamela S. Duffy
North Carolina State Bar No. 18329
P.O. Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
pamela.duffy@elliswinters.com

*Counsel for Defendant*
*Costco Wholesale Corporation*

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CASE NO. 1:26-CV-162

JESSICA M. GEORG,

       Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION,

       Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to

all counsel of record.

       */s/ Pamela S. Duffy*
       Pamela S. Duffy
       *Counsel for Defendant*
       *Costco Wholesale Corporation*